IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| YUSUFU TAJUDEEN DANMOLA, <br> (BOP No. 54779-177), <br>    Plaintiff, <br><br> vs. <br><br> JEFFREY CURETON, <br> U.S. Magistrate Judge, et al., <br><br>    Defendants. | § § § § § § § § § § § | Civil Action No. 4:20-CV-579-P |

**OPINION and ORDER OF DISMISSAL**
<u>**UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)**</u>

The case is before the Court for review of pro-se-inmate/plaintiff Yusufu Tajudeen Danmola's ("Danmola") complaint under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After conducting that review, the Court finds that all claims asserted by plaintiff Danmola must be dismissed under authority of these provisions.

## BACKGROUND

Danmola initiated this case with the filing of a civil-rights complaint form. Compl. 1-15, ECF No. 1. In the complaint, Danmola named three defendants: United States Magistrate Judge Jeffrey Cureton; Assistant United States Attorney ("AUSA") Frank Gatto; and United States District Judge Terry R. Means. Compl. 2-3, ECF No. 1. Danmola contends that AUSA Gatto presented an indictment on behalf of the United States even though the United States has "no police power in the State of Texas." Compl. 5, ECF No. 1. Based upon this indictment, Danmola challenges the ruling of Magistrate Judge Cureton to detain him. *Id.* Danmola next claims that District Judge Terry R. Means "refused to hear any facts or law concerning the rights of Danmola," and entered a judgment of conviction in June 2017. *Id.*

at 5-6. He also contends that Gatto "supported both judges in all illegal actions. *Id.* at 6. For relief in this proceeding, Danmola seeks $1,000,000.00 in monetary damages from each defendant, and he seeks immediate release and expunction of his record. *Id.* at 7.

Damola's underlying criminal case was in this the Northern District of Texas and the records of that case reflect the following:

On September 14, 2016, Danmola was named in a one-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). CR Doc. 3.[1] On September 16, 2016, the court entered a plea of not guilty on his behalf and set the case for trial. CR Docs. 11, 12. Danmola explained that he had represented himself before and wished to do so again. CR Doc. 172 at 4. As he explained, he had "tried this bit before," that is, saying that he was "the secured party answering for the fiction," and that it had worked out pretty well for him. *Id.* at 3-4. From the beginning, movant filed a series of frivolous motions and documents referring to the Uniform Commercial Code ("UCC") and other irrelevant matters. CR Docs. 15, 16, 20, 21. The court denied his motions and cautioned him about continuing such behavior. CR Doc. 23. Movant was tried by a jury and convicted. CR Doc. 87. He was sentenced to a term of imprisonment of 115 months. CR Doc. 138. He appealed. CR Doc. 125. After the opening briefs were filed, however, Danmola dismissed the appeal. *United States v. Danmola*, No. 17-10521 (5th Cir. Apr. 16, 2018); CR Doc. 163. Danmola subsequently sought relief under 28 U.S.C. § 2255, but that motion was denied. *Danmola v. United States*, No. 4:18-CV-791-P (consolidated with No.4:18-CV-650-P) (Crim. No. 4:16-

---

[1] The "CR Doc __: reference is to the number of the item on the criminal docket of Danmola's underlying criminal case in this district, *United States v. Danmola*, No. 4:16-CR-222-Y.

CR-222-Y) (N.D. Tex. Oct. 19, 2020) (Mem. Op. and Order denying § 2255 motion).

## LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

Plaintiff Danmola is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a) (West 2019). Because Danmola is proceeding in-forma-pauperis, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915(e)(2)(B) and 1915A(b)(West 2019).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lack an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a

formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## ANALYSIS

### A.  Absolute Immunity

#### 1.  District Judge Means and Magistrate Judge Cureton

With regard to Plaintiff's claims against Judges Means and Cureton, judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 11 (1991) (citing *Forrester v. White*, 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)); *see also Boyd v. Biggers*, 31 F.3d 279, 284-285 (5th Cir. 1994). Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284. Danmola does not make this showing. Rather, his claims arise solely from alleged conduct which occurred during and arising from the criminal case presided over by Judge Means and Magistrate Judge Cureton. Because the complained-of conduct by each judge was judicial in nature and was undertaken pursuant to the jurisdiction provided to the United States District Court for the Northern District of Texas, Judge Means and Magistrate Judge Cureton are entitled to absolute immunity from Plaintiff's claims for damages.

#### 2.  Assistant United States Attorney Frank Gatto

The Supreme Court has consistently held that acts undertaken by a government

prosecutor in the course of his role as an advocate for the government are cloaked in absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *see also Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987) (applying to federal prosecutors). The Court has further explained that absolute immunity is afforded based upon whether the prosecutor is acting "in his role as advocate for the [government]."*Imbler*, 424 U.S. at 431 n 33. Here, even assuming Danmola's allegations against Frank Gatto are true, Gatto would have taken such action in his role as a prosecutor on behalf of the United States. Thus, defendant Gatto is entitled to absolute prosecutorial immunity from any claim for monetary damages, and such claims must be dismissed.[2]

**B.   Claim for Release Not Addressed**

Danmola also refers to seeking immediate release and expungement of his conviction. Compl. 7, ECF No. 1. As noted above, Danmola already challenged his conviction under 28 U.S.C. § 2255, and his claims were denied. Thus, any additional claims by Danmola challenging the underlying conviction and seeking immediate release must be dismissed without prejudice to his right to seek relief through the proper procedure. In this regard, the Court observes that the United States Court of Appeals for the Fifth Circuit has explained:

> A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief. A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated. *See Bradshaw v. Story,*

---

[2] Danmola has also filed a document entitled "Emergency Writ of Restorative Injunction" seeking relief from the defendants under sections of the UCC. ECF No. 12. That document is **DISMISSED** as frivolous.

> 86 F.3d 164, 166 (10th Cir. 1996); *Blau v. United States,* 566 F.2d 526, 527 (5th Cir. 1978) (*per curiam*). A section 2255 motion, by contrast, "provides the primary means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.,* 911 F.2d 1111, 1113 (5th Cir. 1990). Relief under section 2255 is warranted for errors cognizable on collateral review that occurred "at or prior to sentencing." *Id.* (internal quotation omitted). A section 2255 motion must be filed in the sentencing court. *Id.* at 1113 n. 2.

*Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000).

## CONCLUSION

It is therefore **ORDERED** that all Yusufu Danmola's claims against District Judge Terry R. Means, Magistrate Judge Cureton, and AUSA Frank Gatto are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii). It is further **ORDERED** that Danmola's "Emergency Writ of Restorative Injunction" is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i). It is further **ORDERED** that all Danmola's claims seeking release from confinement are **DISMISSED WITHOUT PREJUDICE** to seeking relief either in a petition for writ of habeas corpus under 28 U.S.C. § 2241, or a successive motion under § 2255.

**SO ORDERED** this **19th day** of **February, 2021**.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

6